UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBYN SENIOR, | Civil No. 3:17-cv-1205 (JBA) |
| *Plaintiff,* | |
| v. | September 7, 2018 |
| STATE OF CONNECTICUT WORKERS' COMPENSATION COMMISSION, THIRD DISTRICT, | |
| *Defendant.* | |

**RULING ON MOTION TO DISMISS**

Plaintiff Robyn Senior brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*, claiming that her employer subjected her to a hostile working environment and retaliation. For the reasons set forth below, the Court GRANTS Defendant's Motion to Dismiss Count One and DENIES the Motion with respect to Count Two.

I.  **Background**

Plaintiff resides in Hamden, Connecticut, and has been a full-time employee of the Connecticut Workers' Compensation Commission, Third District, for many years. (Third Am. Compl. ("TAC") [Doc. # 25] ¶ 3.) Plaintiff alleges that she filed a timely complaint of ongoing discrimination with the United States Equal Employment Opportunity Commission on May 28, 2015 and received a Notice of Right to Sue on April 24, 2017. (*Id.* ¶ 5.) According to Plaintiff, one of her co-workers at her New Haven office, Silveri Robinson, "subjected other workers in the office, and in particular Jennifer Watert and Debra Tramichi, to harassment and abuse because they have

religious beliefs different from hers[,]" during the period from 2008 until "at least" May 2016. (*Id.* ¶ 6.) Plaintiff claims that in February 2015 "and on other occasions prior thereto . . . [she] complained" to her employer's "Human Resources Director about the said harassment and sought intervention to protect herself and co-workers from the harassment." (*Id.* ¶ 7.)

Plaintiff alleges that she "was told by her supervisors in February 2015 and on multiple occasions thereafter . . . that if she does not stop complaining about the religious harassment by Ms. Robinson she will be transferred to a different office a long distance from her home in Hamden." (*Id.* ¶ 8.) "As a result, on May 10, 2016, when Ms. Tramichi complained to the office supervisors of ongoing religious harassment by Ms. Robinson, [] [P]laintiff was too frightened even to report the harassment to supervisors when directly questioned on the subject." (*Id.*) "Thus, [] [P]laintiff is being forced to endure ongoing religious harassment at her workplace for fear of being punished if she complains about it." (*Id.*)

Plaintiff also alleges that "[t]he actions described have created an atmosphere in . . . [her] office so hostile to her that her working environment has been materially altered." (*Id.* ¶ 9.)[1]

## II.     Discussion

*Legal Standard*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although detailed

---

[1] All of the allegations in the TAC appear in numbered paragraphs under either Count One—Hostile Working Environment, or Count Two—Retaliation. These two Counts are numbered separately, rather than sequentially, such that Count Two restarts with paragraph "1." However, paragraphs 1-8 of both Counts appear identical, and the only difference in allegations between the Counts is the addition of paragraph 9, quoted above, to the retaliation claim.

allegations are not required, a claim will be found facially plausible only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Conclusory allegations are not sufficient. *Id.* at 678–79; *see also* Fed. R. Civ. P. 12(b)(6).

1. *Hostile Work Environment*

Defendant argues that Plaintiff's Title VII claim of discrimination must be dismissed because Plaintiff has failed to state a claim upon which relief can be granted and because Plaintiff failed to exhaust her administrative remedies with respect to this claim. (Mot. Dismiss [Doc. # 26] at 1.)

First, with respect to Plaintiff's alleged failure to exhaust her administrative remedies, Defendant claims that Plaintiff failed to raise a claim of religious harassment or hostile work environment to the Connecticut Commission on Human Rights and Opportunities ("CHRO"), and only raised a claim of retaliation. (*See* Mem. Supp. Mot. Dismiss [Doc. # 26-1] at 5.) The basis for Defendant's position appears to be the fact that on the first page of Plaintiff's Affidavit of Illegal Discriminatory Practice, filed with the CHRO, Plaintiff did not check the box indicating that she believed that religion was a factor in the alleged discrimination. (*See* CHRO Aff., Ex. A to Mot. Dismiss [Doc. # 26-2] at 3.)[2] Significantly, Plaintiff's CHRO Complaint does describe "harassment" and "discriminat[ion]" in addition to "retaliatory actions[,]" but seems to describe only harassment and discrimination motivated by retaliatory animus rather than harassment or discrimination

---

[2] As Defendant correctly notes, "[w]here a plaintiff alleges in the complaint that charges of discrimination have been filed with the CCHRO and EEOC, those charges themselves 'may be considered either as matters referenced in the complaint or as public records subject to judicial notice.' " *Lunardini v. Massachusetts Mut. Life Ins. Co.*, 696 F. Supp. 2d 149, 167 n.6 (D. Conn. 2010) (citation omitted).

3

motivated by religious discriminatory animus. (*See, e.g., id.* at 4-5 ("I believe this situation occurred, at least in part, due to my having acted as a witness to a coworker's complaint of harassment based on the coworker's religion[;]" "I am seeking . . . to have Respondent cease and desist its harassment and retaliatory actions toward me which I claim they are directing toward me based on my having acted as a witness to a coworker's religious discrimination complaint in the past").)

"Title VII requires a plaintiff to pursue and exhaust administrative remedies before bringing suit[.]" *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 126 (2d Cir. 2010) (citing 42 U.S.C. §§ 2000(e)–(f)). "The purpose of this exhaustion requirement is 'to give the administrative agency the opportunity to investigate, mediate, and take remedial action.'" *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 712 (2d Cir. 1998) (quoting *Stewart v. United States Immigration & Naturalization Service*, 762 F.2d 193, 198 (2d Cir. 1985)). "However, claims which are 'reasonably related' to the EEOC charge may be brought in a subsequent federal court action." *Id.* (citing *Butts v. City of New York Dep't of Housing Preservation and Dev.*, 990 F.2d 1397, 1402 (2d Cir. 1993)). "We allow such claims to continue where 'the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Id.*

The absence from the CHRO complaint of any allegation of harassment or discrimination on the basis of religious, as opposed to retaliatory animus is troubling, but here, Plaintiff's allegations in her Complaint offered in support of her hostile work environment claim are apparently coextensive with the bulk of the allegations in her Complaint offered in support of the retaliation claim. (*See supra* note 1.) Given that Plaintiff apparently believes that almost the exact same facts support both claims, her hostile work environment claim is plainly "reasonably related"

4

to the CHRO complaint that she filed. Accordingly, Defendant's argument on this front is unavailing.

Next, Defendant argues that Count One fails to state a claim upon which relief can be granted. "When the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks and citations omitted).

Although Count One clearly alleges that Plaintiff's co-workers were subjected to a multi-year continuing pattern of harassment and abuse on the basis of religion, none of the specific allegations in the Complaint actually relate to religious-based harassment or abuse suffered by Plaintiff herself.[3] The most specific allegation that Plaintiff herself suffered religious-based harassment or abuse is the statement that "[P]laintiff is being forced to endure ongoing religious

---

[3] It is unclear if Plaintiff intended to allege that she was subjected to the same type and degree of religious-based harassment by Silveri Robinson to which she alleges Jennifer Watert and Debra Tramichi were subjected. (Compare TAC ¶ 6 (alleging that Robinson harassed and abused Watert and Tramichi) with *id.* ¶ 7 (alleging that Plaintiff complained about "said harassment and sought intervention to protect *herself* and co-workers from the harassment." (emphasis added)).) But even if this was Plaintiff's intent, Plaintiff provides no specific allegations regarding this alleged pervasive religious-based discrimination, such as examples of what types of comments Robinson would make, the contexts in which Robinson would make such comments, or the religious identities of Robinson or her alleged victims. Plaintiff's opposition brief expands slightly upon the bare allegations in the complaint, claiming that Robinson is a "religious zealot" who "proselytize[s] and harass[es] the supposed unbelievers" in her workplace, but even these additional allegations add little specificity. While highly-specific details of discrimination and retaliation in many cases may be outside of a plaintiff's personal knowledge and thus only obtainable through discovery, Plaintiff can be expected, at a minimum, to provide *some* description of the specifics of what she claims was done to her, in her presence and with her knowledge, over the course of "many years[,]" *id.* ¶ 3.

5

harassment at her workplace . . . ." (TAC ¶ 8.) Standing alone, this statement is precisely the type of "mere conclusory statement[]" supporting a "[t]hreadbare recital[] of the elements of a cause of action[]" that fails to satisfy the pleading standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citation omitted). Accordingly, Defendant's Motion to Dismiss is granted as to Count One.

2. *Retaliation*

Defendant also contends that Count Two fails to state a claim upon which relief can be granted, construing Plaintiff's claim of retaliation as a claim for retaliatory hostile work environment. In opposition to Defendant's Motion to Dismiss, Plaintiff neither disputes nor concedes that Count Two should be read as alleging retaliatory hostile work environment. (Br. Opp'n to Mot. Dismiss [Doc. # 27].) But whether Count Two should be construed as alleging a retaliatory hostile work environment or simply retaliation in the form of the alleged threat to transfer Plaintiff, the crux of Defendant's argument is that Plaintiff fails to allege that she has been subjected to an adverse employment action as a matter of law.

As Judge Bolden noted in a recent opinion, "[c]ourts in this Circuit have . . . recognized the creation of a hostile work environment as an adverse employment action." *Siuzdak v. Sessions*, 295 F. Supp. 3d 77, 97 (D. Conn. 2018) (citing *Villar v. City of N.Y.*, 135 F. Supp. 3d 105, 137 (S.D.N.Y. 2015), *Sclafani v. PC Richard & Son*, 668 F. Supp. 2d 423, 439 (E.D.N.Y. 2009)). "To establish that a retaliatory hostile work environment constitutes a materially adverse change that might dissuade a reasonable worker from reporting activity prohibited by Title VII, a plaintiff must satisfy the same standard that governs hostile workplace claims . . . ." *Id.* (internal quotation marks and citation omitted).

With respect to retaliation more generally, not all retaliatory employment actions give rise to liability. Instead, "a plaintiff must show that a reasonable employee would have found the

challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks and citation omitted).

Defendant contends that Plaintiff has failed to state a claim simply because a mere allegation that she was *threatened* with transfer as opposed to actually transferred fails to "rise to the level . . . [of] a retaliatory hostile work environment." (Mem. Supp. Mot. Dismiss at 11.)

But whether Plaintiff's alleged facts effectively establish that she was subjected to a retaliatory hostile work environment or not, Defendant cites no authority establishing that a mere threat of transfer cannot constitute an adverse employment action. And Defendant's suggestion that a mere threat of transfer cannot, as a matter of law, rise to the level of material adversity is belied by the fact that a threat to transfer an employee may well mean in context that an employee has to find a new job or find a new source of childcare for longer hours during a substantially longer commute, consequences that would undoubtedly "dissuade[] a reasonable worker from making or supporting a charge of discrimination." *Burlington N.*, 548 U.S. at 68. And as the Supreme Court has held, "[c]ontext matters." *Id.* at 69. The material adversity standard is "phrase[d] . . . in general terms because the significance of any given act of retaliation will often depend upon the particular circumstances." *Id.*

As Plaintiff notes in opposition to Defendant's Motion to Dismiss, the Third Amended Complaint contains "names" and "dates" of co-workers who were alleged to have been harassed, the timing of one of Plaintiff's complaints, and the timing of an alleged threat to transfer Plaintiff to a work site far from her home. While Plaintiff somewhat conclusorily asserts that "[t]he actions described have created an atmosphere in the plaintiff's office so hostile to her that her working environment has been materially altered[,]" (TAC ¶ 9), she plausibly alleges that she was

7

threatened with a transfer that so intimidated her that "on May 10, 2016, when Ms. Tramichi complained to the office supervisors of ongoing religious harassment by Ms. Robinson, the plaintiff was too frightened even to report the harassment to supervisors when directly questioned on the subject." (*Id.* ¶¶ 7-8.)

The Third Amended Complaint lacks certain details, such as the basis for her belief that her unnamed supervisors had the power to transfer her (and relatedly, whether the supervisors who allegedly threatened her in February 2015 are the same supervisors who "directly questioned" her in May 2016), which should be developed through discovery[4], but it is plausible that a reasonable worker in Plaintiff's shoes would be dissuaded from engaging in protected activity based on a threat of transfer to a distant work location, and plausible that a reasonable worker might have reason to believe that her supervisors had the power to transfer her or ensure her transfer through virtue of their managerial position. For the foregoing reasons, and in the absence of any authority provided by Defendant establishing that a threat of transfer to a distant work site cannot constitute a materially adverse action as a matter of law, Defendant's Motion to Dismiss is denied as to Count Two.

---

[4] While Plaintiff's somewhat sparse allegations meet the pleading standard, discovery might productively reveal greater detail regarding (1) why she believed the threat to be a real one, (2) whether she is aware of her supervisors or Defendant having previously retaliatorily or discriminatorily transferred other employees, (3) which supervisors made this threat and why she believes they had the power to effectuate it, (4) where the other offices were to which she feared being transferred, (5) why a transfer would present a hardship for her in the context of her own personal life, or in other words, additional facts establishing the *likelihood* that a reasonable employee in her position would reasonably fear the effectuation of the threatened transfer or the *severity* of such a transfer as it would affect her.

### III. Conclusion

For the reasons set forth above, the Court grants Defendant's Motion to Dismiss with respect to Count One and denies Defendant's Motion to Dismiss with respect to Count Two.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 7th day of September 2018.